# UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

TERRANCE E. JACKSON,          )
                                        )
          Petitioner,        )
                                        )
      vs.                   )    Case No.  13-0430-CV-W-BCW-P
                                        )
IAN WALLACE,               )
                                        )
          Respondent.

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING THE ISSUANCE OF A CERTIFICATE OF APPEALABILITY

Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his 2010 conviction and sentence for second degree robbery, which was entered in the Circuit Court of Jackson County, Missouri. Petitioner's motion to set aside his guilty plea pursuant to Mo. Sup. Ct. R. 24.035 was denied by the Circuit Court of Jackson County, Missouri without an evidentiary hearing, Respondent's Exhibit A, pp. 64-72, and that judgment was affirmed by the Missouri Court of Appeals, Western District. Respondent's Exhibit D. Petitioner raises four grounds for relief: (1) his guilty plea was unknowing because petitioner did not "know what was going on;" (2) his guilty plea was the product of false identification; (3) his guilty plea was not knowing because petitioner was under the influence of illegal drugs; and (4) his guilty plea was coerced because his guilty plea counsel told him that it was a certainty that he would receive release after 120 days of shock incarceration. Doc. No. 1, pp. 5-10.

Respondent has consolidated Grounds 1 and 3 because they both involve petitioner's alleged lack of understanding and were presented as one claim in his state court proceedings. See Respondent's Exhibits B and D. Respondent argues that petitioner's grounds for relief are either

defaulted or without merit. Doc. No. 12, pp. 2-4.

## Grounds 1 and 3 - Unknowing and Involuntary Guilty Plea

In Ground 1, petitioner contends that his guilty plea was unknowing and involuntary because he had taken psychedelic mushrooms and ecstacy, and did not know what he was doing. In denying these claims, the Rule 24.035 trial court examined the questions asked of petitioner at the guilty plea. The court determined that the guilty plea was knowing because petitioner denied under oath that he had taken any drugs in the two days prior to the guilty plea, made decisions between shock and general population programs, accurately stated the terms of his guilty plea, and even made a request for a furlough after his plea was accepted. Respondent's Exhibit A, p. 67.

The state appellate court also noted that petitioner's mental health condition (ADHD) did not affect his ability to understand the guilty plea and that petitioner denied that he received any treatment for mental disease. Respondent's Exhibit D, p. 4. Therefore, both the state Rule 24.035 trial court and the state appellate court concluded that the guilty plea was knowing and voluntary. A review of the state court record supports their determinations that the guilty plea was voluntary and knowing and that petitioner was not incapacitated because he was on drugs. Because the state courts' determinations were not based upon "unreasonable determination[s] of the facts in light of the evidence presented in the State court proceeding[]s" or "an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" 28 U.S.C. § 2254(d)(1) and (2), Grounds 1 and 3 will be denied.

## Ground 2 - False Identification

In Ground 2, petitioner contends that his conviction is the product of a false identification. Respondent argues, however, that petitioner waived his identification claim by entering a knowing

and voluntary guilty plea and cites <u>Hill v. Lockhart</u>, 474 U.S. 52 (1985). This Court concludes that petitioner has failed to assert a colorable habeas claim. After a criminal defendant has pleaded guilty, "he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." <u>Tollett v. Henderson</u>, 411 U.S. 258, 267 (1973) (habeas); <u>see</u> <u>also</u> <u>U.S. v. Ruiz</u>, 536 U.S. 622, 631 (2002) (relying upon <u>Tollett v. Henderson</u> to hold that a guilty plea remains valid even if the prosecutor fails to give the defendant exculpatory impeachment material before entering into a plea agreement); <u>U.S. v. Broce</u>, 488 U.S. 563, 574-75 (1989) (recognizing limited exceptions to the rule barring collateral attacks of guilty pleas, both of which are inapplicable to the present case).

### <u>Ground 4 - Coerced Guilty Plea Based On Promise of Release</u>

In Ground 4, petitioner contends that his guilty plea was coerced because his guilty plea counsel told him it was a certainty that he would be released after 120 of shock incarceration. Both the state motion court and the state appellate court determined that petitioner's release at the end of 120 days was not guaranteed and that petitioner was well aware of that fact at the time he entered his guilty plea. Respondent's Exhibits A and D.

In <u>Strickland</u>, the Court held that, in order for petitioner successfully to assert a claim for ineffective assistance of trial counsel, petitioner must demonstrate that his attorney's performance "fell below an objective standard of reasonableness" and that "the deficient performance" actually prejudiced him. <u>Strickland v. Washington</u>, 466 U.S. 668, 687-88 (1984). This Court, moreover, may not grant habeas relief unless the state appellate court's decision "was contrary to, or an unreasonable application of, the standard articulated by the [United States] Supreme Court in <u>Strickland</u>." <u>Owens v. Dormire</u>, 198 F.3d 679, 681 (8th Cir. 1999), <u>cert.</u> <u>denied</u>, 530 U.S. 1265

(2000). To show prejudice, petitioner must establish with "reasonable probability" that he would not have entered a guilty plea and would have insisted on going to trial had counsel been effective. Hill v. Lockhart, 474 U.S. 52, 58-59 (1985). Petitioner's representations at the guilty plea hearing carry a strong degree of verity and pose "a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73 (1977).

"[A] determination of a factual issue made by a State court shall be presumed to be correct," and petitioner "shall have the burden of rebutting the presumption by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). The statutory presumption "is particularly proper [in cases involving the voluntariness of a guilty plea] in light of the state trial court's ability to judge the defendant's credibility and demeanor at the plea hearing and the fact that '[m]ore often than not a prisoner has everything to gain and nothing to lose from filing a collateral attack upon his guilty plea.'" Weeks v. Bowersox, 119 F.3d 1342, 1352 (8th Cir. 1997) (quoting Blackledge v. Allison, 431 U.S. at 71.

Petitioner has failed to proffer clear and convincing evidence that his guilty plea was not voluntary, knowing, and intelligent. See Hunter v. Bowersox, 172 F.3d 1016, 1022 (8th Cir. 1999), cert. denied, 528 U.S. 1140 (2000). Even if petitioner's counsel had informed him that probation was a certainty, as the Missouri Court of Appeals stated, "any such belief would have been unreasonable given the circuit court's explicit statement that [petitioner's] entitlement to probation would depend on his conduct while incarcerated." Respondent's Exhibit D, p. 9. Because the state court's determinations were not based upon "unreasonable determination[s] of the facts in light of the evidence" or an unreasonable application of "clearly established Federal law," 28 U.S.C. § 2254(d)(1) and (2), Ground 4 will be denied.

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a petitioner has made a substantial showing of the denial of a constitutional right." To satisfy this standard, a petitioner must show that a "reasonable jurist" would find the district court ruling on the constitutional claim(s) "debatable or wrong." Tennard v. Dretke, 542 U.S. 274, 276 (2004). Because petitioner has not met this standard, a certificate of appealability will be denied. See 28 U.S.C. § 2254, Rule 11(a).

Accordingly, it is **ORDERED** that:

(1) the petition for writ of habeas corpus is denied;

(2) the issuance of a certificate of appealability is denied; and

(3) this case is dismissed with prejudice.

 /s/ Brian C. Wimes
BRIAN C. WIMES
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated:  September 25, 2013 .